UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Polaris Experience, LLC, doing business as Polaris Adventures, | Civ. No. 23-2843 (PAM/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| 3 Wheel Rentals Tampa LLC, 3 Wheel Rentals LLC, Michael Bobo, and Reginald Bobo, | |
| Defendants. | |

This matter is before the Court on a partial Motion to Dismiss. For the following reasons, the Motion is denied.

## BACKGROUND

In 2019 and 2020, Defendants 3 Wheel Rentals LLC and 3 Wheel Rentals Tampa LLC entered into agreements with Plaintiff Polaris Experience, LLC to become part of the "Polaris Adventures Program," which authorizes "outfitters" such as Defendant LLCs to rent Polaris Slingshot vehicles[1] to the outfitters' customers. (Compl. ¶¶ 10-11.) Individual Defendants Michael Gena Bobo and Reginald Bobo—who are married to each other—are the members, owners, and operators of the Defendant LLCs, which are located in Michigan and Florida, respectively. (Id. ¶¶ 3-4, 5-6.)

Polaris ultimately provided more than 45 Slingshots for Defendants' use. (Id. ¶ 15.)

---

[1] Slingshots are "3-wheel, open-air vehicles." (Compl. ¶ 10.)

The parties operated under the agreements for several years, until Defendants failed to make payments that were due. (Id. ¶ 17.) Polaris thereafter informed Defendants that it would not renew the agreements, and asked Defendants to make the Slingshots available for Polaris to retrieve. (Id. ¶ 18.) Defendants allegedly ignored Polaris's attempts to contact them (id. ¶¶ 19-21), and continued renting Slingshots to customers and use Polaris's trademarks. (Id. ¶ 22.) Defendants also allegedly threatened to auction some of the Slingshots rather than return them to Polaris as the agreements required. (Id. ¶ 41.)

Because of this threat, Polaris sought a temporary restraining order shortly after filing the Complaint. Defendants did not secure counsel before the injunction hearing, but Reginald Bobo sent an opposition memorandum to the Court. The Court ultimately ordered Defendants to return the Slingshots to Polaris and enjoined them from using or renting any of the vehicles and from using Polaris's trademarks. (Docket No. 28 at 9.) At the hearing on the instant Motion, Polaris represented that Defendants had complied with their Court-ordered obligations.

The Complaint raises four claims: breach of contract, conversion, trademark infringement, and unjust enrichment. The Complaint alleges that Defendants breached the Agreements in numerous ways:

> by failing to surrender the vehicles to Polaris, by failing to maintain the safety and security of the vehicles, by continuing their use of Polaris logos and trademarks, by continuing to use the vehicles for a reason other than the Adventures Program, and by continuing to rent the vehicles without complying with the requirements of the Agreements.

(Id. ¶ 33.) The Complaint also alleges that that the companies and Michael Bobo breached the Agreements by failing to pay more than $100,000 in fees the Agreements required.

2

(Id.)  The breach-of-contract claim is brought against the companies and Michael Bobo, who signed personal guaranties for the companies' agreements with Polaris.

Polaris's conversion claim rests on Defendants' alleged retention and continued rental of the vehicles and their threat to auction the vehicles.  (Id. ¶¶ 40-41.)  Polaris also asserts that "Defendants have been unjustly enriched through their continued use and renting of the vehicles" (id. ¶ 56), and that such continued use and renting constitutes civil theft.  (Id. ¶ 64.)  The conversion, civil theft, trademark infringement, and unjust enrichment claims are brought against all Defendants.

Michael and Reginald Bobo initially sought the dismissal of all claims brought against them individually.  Their reply memorandum, however, withdrew their Motion as to the trademark-infringement claim.  (Docket No. 57 at 1-2.)  They now argue only that the contract, conversion, unjust-enrichment, and civil theft claims should be dismissed for failure to state a claim.  On the second-to-last page of their supporting memorandum, Defendants also argue that dismissal is appropriate because the guaranties that Michael Bobo signed contain an arbitration provision.  (Docket No. 51 at 10-11.)

**DISCUSSION**

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in Jackson's favor.  Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief

3

that is plausible on its face." Id. at 570.  In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

**A.      Breach of Contract**

Defendants attack Polaris's breach-of-contract claim on two fronts.  First, they argue that Polaris has not pled facts to support piercing the corporate veil, and that such pleading is necessary for them to be liable for the companies' breaches of the agreements.

But as Polaris notes, its breach-of-contract claim against Michael Bobo rests on the personal guaranties she signed, guaranteeing the LLCs' performance under the agreements.  The Court therefore need not pierce the corporate veil to hold Michael Bobo to her own agreement.  And for the remaining claims, Polaris alleges that the individual Defendants participated in the allegedly tortious acts.  See Ransom v. VFS, Inc., 918 F. Supp. 2d 888, 894 (D. Minn. 2013) (Tunheim, J.) (noting that "corporate officers can also be personally liable for torts committed by other corporate employees that the officers 'participated in, directed, or w[ere] negligent in failing to learn of and prevent'") (quoting Morgan v. Eaton's Dude Ranch, 239 N.W.2d 761, 762 (Minn. 1976)).  No veil-piercing is necessary to hold the Bobos liable for their own tortious acts.

Defendants also argue that Minnesota's "independent duty" rule bars the conversion and unjust-enrichment claims because those claims do not exist independently of the contractual obligations.  Under Minnesota law, "when a contract defines a relationship between two parties, a plaintiff is not entitled to recover tort damages save for exceptional cases in which a breach of contract 'constitutes or is accompanied by an independent tort.'"

4

Russo v. NCS Pearson, Inc., 462 F. Supp. 2d 981, 994 (D. Minn. 2006) (Ericksen, J.) (quoting Wild v. Rarig, 234 N.W.2d 775, 789-90 (Minn. 1975)).  In the context of claims like conversion or civil theft, the independent-duty rule applies when "whether the civil theft claim succeeds or fails is dependent on whether the contract was breached."  Mayo Found. for Med. Educ. & Rsch. v. Knowledge to Prac., Inc., No. 21-CV-1039 (SRN/TNL), 2022 WL 409953, at *5 (D. Minn. Feb. 10, 2022) (Nelson, J.).

Even if applicable, the independent-duty rule would only apply to the tort claims against Michael Bobo, because only she signed the agreements at issue.  Reginald Bobo was not party to any contracts and thus can be liable for his own torts whether or not the underlying contract was breached.  See Polaris Indus., Inc. v. Mangum, No. 23cv614 (SRN/LIB), 2023 WL 5806741, at *8 (D. Minn. Sept. 7, 2023) (Nelson, J.) ("[T]he independent duty rule . . . does not apply to third parties who are not themselves bound by that contract.").  Defendants' argument that Mangum is distinguishable is unavailing, as the issue in Mangum—whether the independent duty rule bars claims "factually rooted in a contractual relationship between two other parties" brought against a person not bound by that contract—is the same as the issue here.  Id. at *7.  And the Mangum court's conclusion applies as well: Reginald Bobo's "lack of a contractual relationship with Polaris means the independent duty rule does not preclude Polaris from asserting tort claims against" him.  Id. at *8.

Polaris argues that the independent-duty rule also does not bar the tort claims against Michael Bobo, because Polaris has alleged independently tortious conduct occurring after her breaches of the agreements.  These actions include Defendants' continued use of the

5

Slingshots after Polaris demanded the return of the vehicles, their profits from that use, and Defendants' threat to auction the vehicles. According to Polaris, contract damages would not allow for the disgorgement of Defendants' "ill-gotten gains."

More factual development is necessary to determine whether the tort claims against Michael Bobo are indeed extra-contractual. See U.S. Bank Nat'l Ass'n v. San Antonio Cash Network, 252 F. Supp. 3d 714, 720 (D. Minn. 2017) (Kyle, J.) (noting that "application of the independent-duty rule typically occurs at the summary-judgment stage"). This aspect of the Motion is thus denied without prejudice.

**B.     Unjust enrichment**

Defendants also seek the dismissal of the claim for unjust enrichment. Under Minnesota law, a plaintiff may not pursue an unjust enrichment claim when "there is an enforceable contract that is applicable." Genz-Ryan Plumbing & Heating Co. v. Weyerhaeuser NR Co., 352 F. Supp. 3d 901, 906 (D. Minn. 2018) (internal quotation marks omitted). But Polaris is allowed to plead in the alternative, see Fed. R. Civ. P. 8, and contrary to Defendants' argument, Polaris need not explicitly state in the Complaint that the unjust-enrichment claim is in the alternative to its breach claim. Ultimately, Polaris will "have to choose whether it wants to proceed to trial under an unjust enrichment theory or a breach of contract theory." Mayo Found., 2022 WL 409953, at *6. Dismissal of the unjust-enrichment claim at this stage, however, is not appropriate. Motley v. Homecomings Fin., LLC, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (Kyle, J.).

C. **Arbitration**

Finally, Defendants ask the Court to construe their Motion as a motion to compel arbitration, a request made for the first time in their reply memorandum. (Compare Defs.' Supp. Mem. (Docket No. 51) at 10 (arguing that, in light of the arbitration agreement, "this Court should dismiss both the Complaint and this entire action, without prejudice"), with Defs.' Reply Mem. (Docket No. 57) at 2 ("Defendants concede that . . . their motion . . . should be construed as a motion to enforce arbitration.")).

A party that "(1) kn[ows] of an existing right to arbitration; [and] (2) act[s] inconsistently with that right" waives the right to arbitration. Ritzel Commc'ns, Inc. v. Mid-Am. Cellular Tel. Co., 989 F.2d 966, 969 (8th Cir. 1993).[2] The right to arbitration "can be waived in a variety of circumstances, including by 'substantially invok[ing] the litigation machinery' rather than promptly seeking arbitration." McCoy v. Walmart, Inc., 13 F.4th 702, 703-04 (8th Cir. 2021) (quoting Lewallen v. Green Tree Servicing, L.L.C., 487 F.3d 1085, 1090 (8th Cir. 2007)).

Defendants knew of the arbitration clause in the guaranties that Michael Bobo signed because Polaris appended these guaranties to its Complaint. (Compl. Ex. A (Docket No. 2) at 15; id. Ex. B (Docket No. 2) at 22.) Defendants defended against the motion for preliminary injunction without raising any defense that the claims against Michael Bobo

---

[2] Ritzel included a third factor to consider: whether the other party is prejudiced by the failure to invoke the arbitration clause. 989 F.2d at 969. The Supreme Court has recently determined, however, that "prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration." Morgan v. Sundance, Inc., 596 U.S. 411, 419 (2022).

could only be resolved in arbitration. And Defendants moved to dismiss all of Polaris's claims on the merits, only mentioning the arbitration clause on the second-to-last page of their opening brief, and even then not seeking to compel arbitration but arguing that the Complaint should be dismissed without prejudice. (Docket No. 51 at 9-10.) An attempt to dismiss a case "in its entirety" is inconsistent with the right to arbitration. See McCoy, 13 F.4th at 704 (quotation omitted).

By never moving to compel arbitration, Defendants have waived their right to do so. This aspect of the Motion to Dismiss is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** the Motion to Dismiss (Docket No. 49) is **DENIED**.

Dated:     March 18, 2024

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge