UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Polaris Experience, LLC,<br>d/b/a Polaris Adventures,<br><br>Plaintiff,<br><br>v.<br><br>3 Wheel Rentals Tampa LLC,<br>3 Wheel Rentals LLC, Michael Bobo,<br>and Reginald Bobo,<br><br>Defendants. | Civ. No. 23-2843 (PAM/DTS)<br><br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Polaris Experience, LLC's ("Polaris") Motion to Dismiss Defendants 3 Wheel Rentals Tampa LLC, 3 Wheel Rentals LLC, and Michael Bobo's Counterclaim. (Docket No. 64.) For the following reasons, the Court grants the Motion and dismisses the Counterclaim.

**BACKGROUND**

The full factual background has been set forth previously and need not be repeated here. (See Docket Nos. 28, 61.) In brief, Defendants Michael Bobo and Reginald Bobo are the members, owners, and operators of the Defendant companies. (Compl. (Docket No. 1) ¶¶ 3-6.) In 2019 and 2020, Defendants 3 Wheel Rentals LLC and 3 Wheel Rentals Tampa LLC entered into agreements—called Premium Program Services Agreements—with Polaris to become part of the "Polaris Adventures Program," allowing the companies to rent Polaris Slingshots, three-wheel, open-air vehicles, to their customers. (Id. ¶¶ 10-11.)

After Defendants missed payments, failed to return Slingshots, and continued to use Polaris's trademarks, Polaris brought this lawsuit for breach of contract, conversion, trademark infringement, and unjust enrichment. On September 22, 2022, the Court granted a preliminary injunction on the trademark claim because there was significant evidence that the companies kept renting Polaris's vehicles and using Polaris's trademarks. (Docket No. 28.)

Defendants then moved to dismiss many of the claims, arguing that an arbitration provision in the Guaranties for the Defendant companies' Premium Program Services Agreements with Polaris meant that the Court should compel arbitration, and that the Complaint failed to state a claim against the individual Defendants. (Docket No. 49.) The Court denied that motion in March 2024, finding that Defendants had waived any right to arbitrate by not moving to compel arbitration at the earliest possible time, and that the Complaint sufficiently stated claims on which relief could be granted. (Docket No. 61.)

Defendants thereafter answered the Complaint and brought four counterclaims. (Countercl. (Docket No. 62).) According to the Counterclaim allegations, after Polaris renewed its one-year agreement with 3 Wheel Rentals Tampa in 2021, 3 Wheel Rentals Tampa "was entitled to replenishment from POLARIS of late-model vehicles," and Polaris "failed to provide the late-model replacements as agreed." (Id. ¶¶ 11-12.) Both 3 Wheel Rental entities then "missed several installment payments," but in June 2022, "made lump payments to POLARIS totaling more than $100,000.00." (Id. ¶¶ 13-14.) Despite this payment, Polaris "failed to provide program support and assistance as required under the agreements." (Id. ¶ 15.) Defendants assert that the failure to "replenish" the Slingshots

2

and the failure to "consistently provide programmatic support" violated the parties' contracts, breached the covenant of good faith and fair dealing, fraudulently induced Defendants into entering the agreements, and unjustly enriched Polaris.

Polaris seeks the dismissal of all counterclaims. At this stage, the Court assumes the factual allegations in the counterclaims are true and views them in the light most favorable to Defendants. See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933 n.4 (8th Cir. 2012).

## DISCUSSION

Although the Rules require only a "short and plain statement" of the claim, Fed. R. Civ. P. 8(a)(2), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), "a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plausibly pled claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### A. Breach of Contract

Defendants contend that Polaris breached the parties' agreement by not giving Defendants new Polaris vehicles and by not "provid[ing] programmatic support" as the agreements ostensibly required. (Defs.' Mem. in Opp'n (Docket No. 68) at 2-5.) Polaris points out that Defendants do not cite any contractual provision that they contend Polaris

3

breached. Indeed, the parties' written agreements neither mention the purported duty to "replenish" Polaris vehicles, nor contain the words "programmatic support."

1. **Programmatic Support**

In their opposition memorandum, Defendants assert that the "programmatic support" contractual requirement is found in section 2 of the Premium Program Services Agreement, and, among other duties, requires Polaris to: (1) provide web- and mobile-based software to manage reservations, inventory, scheduling, and payments, software to manage check-in, check-out, and fleet management, and software to manage the maintenance of the Slingshots; (2) provide access to online portals for marketing, documentation, and branded goods; (3) provide risk management tools, including safety videos and training; (4) outfit each Slingshot with a Vehicle Outfitting Kit (including GPS trackers and rescue beacons); and (5) provide access to online training modules for repair, maintenance, and service of the Slingshots. (Countercl. Ex. A at 1-7.)

Defendants further argue in the opposition memorandum that Polaris did not "consistently" provide the reservation and payment platform and support for that platform, the customer and fleet management system, marketing, and risk management. (Defs.' Mem. in Opp'n at 4.) The problem is that the breach-of-contract counterclaim does not mention any of those facts, and thus Polaris cannot know how it allegedly violated the parties' agreement or what provision of the agreement Polaris apparently violated. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). And as Polaris argues, Defendants cannot amend their pleadings in a legal memorandum. Martin v. ReliaStar Life Ins. Co.,

4

710 F. Supp. 2d 875, 887 (D. Minn. 2010) (Davis, C.J.) ("[A]llegations made in subsequent legal memoranda cannot correct inadequacies within a complaint." (quotation omitted)). Thus, this aspect of the breach-of-contract counterclaim is dismissed without prejudice to replead the alleged breach more specifically.

### 2. Replenishment

Defendants contend that the duty to "replenish" the Slingshots is found in agreements that are not attached to either the Complaint or to the Counterclaim, but rather are attached as an exhibit to Defendants' response brief. (Defs.' Mem. in Opp'n at 2-3; id. Ex. A.) These agreements, each labeled "Polaris Adventures Program Agreement," consist of a list of vehicles, program fees for each vehicle, and a date payment is due for that vehicle.

The counterclaim alleges only that 3 Wheel Rental Tampa was due vehicle "replenishment" that it did not receive, not that the other 3 Wheel Rental entity did not receive vehicle replenishment it was due. (Countercl. ¶¶ 11-12.) However, the Program Agreement pertaining to 3 Wheel Rental Tampa provides that "[f]ulfillment of this order is subject to vehicle availability and is subject to cancellation in whole or in part." (Defs.' Mem. in Opp'n Ex. A at 12.) In addition, the copy appended to the response brief is not signed by Polaris, but only by Reginald Bobo. (Id.)

Defendants argue that these Program Agreements represent the parties' "entire understanding" under the main agreement's integration clause. (E.g., Compl. Ex. A (Docket No. 2) at 13, § 16.) Putting aside that neither the overarching Premium Program Services Agreements nor the Program Agreements explicitly reference each other, the

integration clause does not help Defendants. The only relevant Program Agreement for this argument is the agreement with 3 Wheel Rental Tampa. Even if this Program Agreement is part of the parties' contract, it does not require Polaris to do anything. Polaris can cancel the Program Agreement with 3 Wheel Rental Tampa, either in whole or in part, at any time. This aspect of the breach-of-contract claim is dismissed with prejudice.

### 3. Michael Bobo

Finally, Polaris argues that Michael Bobo lacks standing to bring any breach-of-contract claim, because she was not a party to the contracts. (Pl.'s Mem. in Supp. (Docket No. 65) at 6.) Michael Bobo only signed personal guaranties, and because the breach claims do not arise out of any indebtedness, she is not a party to any alleged breach.

While Defendants contend that Michael Bobo can litigate disputes arising from either the Guaranties or the Agreements, the Guaranty provides the opposite: she can enforce any claim arising out of the Guaranty or any duty or right that relates to the Guaranty. (Compl. Ex. B (Docket No. 2) at 13.) The Guaranty does not confer any contractual rights or duties to her aside from guaranteeing payment. She is not a party to the contract and, as such, cannot bring a claim for its breach. See German All. Ins. Co. v. Home Water Supply Co., 226 U.S. 220, 234 (1912) ("[A] third person cannot sue for the breach of a contract to which he is a stranger unless he is in privity with the parties and is therein given a direct interest.").

### B. Good Faith and Fair Dealing

"Under Minnesota law, every contract includes an implied covenant of good faith and fair dealing requiring that one party not 'unjustifiably hinder' the other party's

6

performance of the contract." In re Hennepin Cnty. 1986 Recycling Bond Litig., 540 N.W.2d 494, 502 (Minn. 1995) (quoting Zobel & Dahl Constr. v. Crotty, 356 N.W.2d 42, 45 (Minn. 1984)). To establish a breach of this covenant, a party must establish that its opponent acted dishonestly, maliciously, or otherwise in subjective bad faith. BP Prods. N. Am., Inc. v. Twin Cities Stores, Inc., 534 F. Supp. 2d 959, 968 (D. Minn. 2007) (Schiltz, J.). As with the breach claim, Defendants have not sufficiently alleged any breach of the covenant of good faith and fair dealing. The alleged breaches are the same as the contract claim: failure to replenish vehicles and failure to provide programmatic support. (Countercl. ¶¶ 22-25.) Because these allegations fail to plausibly plead that Polaris hindered Defendants' performance, this counterclaim is dismissed.

### C. Fraudulent Inducement

Defendants' fraudulent-inducement counterclaim alleges that Polaris "assured [them] that the subject vehicles . . . would be replenished on an annual basis with current-model vehicles," that Polaris "had no intention of replenishing the vehicles" when it made that promise, and that Defendants "relied on" Polaris's assurances when entering into the agreements. (Id. ¶¶ 28-30.)

Any claim alleging fraud must be pled with particularity. Fed. R. Civ. P. 9(b). Rule 9(b) thus requires pleading, at minimum, the "time, place and contents of false representations, as well as the identity of the person making the misrepresentation." Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549 (8th Cir. 1997) (quotation omitted). Put another way, a claim for fraud must allege "the who, what, when, where, and how: the first paragraph of any newspaper story." Id. at 549-50 (quoting DiLeo v. Ernst & Young,

7

901 F.2d 624, 627 (7th Cir. 1990)).  Rule 9(b)'s particularity requirement applies to claims for fraudulent inducement.  Johnson v. Bobcat Co., 175 F. Supp. 3d 1130, 1145 (D. Minn. 2016) (Tunheim, C.J.).

Defendants have not pled their fraudulent-inducement counterclaim with anything approaching particularity.  Defendants' sole allegation is that some discovery is required to allow them to plead with the requisite particularity.  (Defs.' Mem. in Opp'n at 5.)  But the case on which they rely, Kinetic Co. v. Medtronic, Inc., 672 F. Supp. 2d 933, 945 (D. Minn. 2009) (Rosenbaum, J.), is not on point.  The Kinetic decision noted that pleading with particularity is not possible without some discovery when the party claiming fraud "is not a party to a communication."  Id. (quotation omitted).  Defendants allege that Polaris made promises made to them, not to someone else.  Therefore, Defendants were a party to the allegedly fraudulent communications.  Discovery is not required for Defendants to plead what they allegedly heard and when they heard it.

Defendants fail to plausibly plead anything that would allow a plausible inference that Polaris wronged them.  The fraudulent-inducement claim is dismissed without prejudice.

**D.     Unjust enrichment**

Unjust enrichment occurs when one party "conferred a benefit on [the other]," and the other party "appreciated and knowingly accepted the benefit . . . 'under such circumstances that it would be inequitable for him to retain it without paying for it.'" Qwest Commc'ns Co., LLC v. Free Conferencing, 990 F. Supp. 2d 953, 981 (D. Minn. 2014) (Davis, C.J.) (quoting E-Shops Corp. v. U.S. Bank Nat. Ass'n, 795 F. Supp. 2d 874,

8

879 (D. Minn. 2011) (Doty, J.). Unjust enrichment requires Defendants to show more than that Polaris merely "benefit[ed] from the efforts or obligations of others," but that Polaris "was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully." Dahl v. R.J. Reynolds Tobacco Co., 742 N.W.2d 186, 195-96 (Minn. Ct. App. 2007) (quoting First Nat'l Bank of St. Paul v. Ramier, 311 N.W.2d 502, 504 (Minn. 1981)).

Defendants assert that "Polaris entered into several oral agreements with [Defendants] which conferred financial benefits on POLARIS," and that Polaris was "aware of the benefit it received and reasonably should have expected to have been required to supply [Defendants] with current-model vehicles an [sic] ongoing programmatic support as agreed." (Countercl. ¶ 33-34.) Further, Defendants allege that Polaris "accepted and retained the financial benefit without performing as agreed." (Id. ¶ 35.)

Defendants are required to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. As with the breach claim, the unjust-enrichment claim does not plausibly plead anything. Defendants fail to specify any financial benefit that was unjustly conferred on Polaris. Indeed, Defendants admit that they did not make all the payments to which they were bound under the agreements. (Countercl. ¶ 13.) If the financial benefit conferred on Polaris is the partial payments, Defendants fail to articulate why it is unjust for Polaris to keep those partial payments. Further, Defendants do not include any specific information about these alleged oral agreements, such as who were the parties to those

alleged agreements or what was promised. Defendants' unjust-enrichment counterclaim is dismissed without prejudice.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Polaris's Motion to Dismiss Defendants' Counterclaims (Docket No. 64) is **GRANTED**; and

2. Defendants' Counterclaim is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:_____

                       Paul A. Magnuson
                       United States District Court Judge